# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MELODIE CHIPLEY, ET AL.,** | CASE NO. 18-cv-01161-YGR |
| Plaintiffs, | **ORDER GRANTING MOTION FOR REMAND** |
| vs. | Re: Dkt. No. 11 |
| **FORD MOTOR COMPANY, ET AL.,** | |
| Defendants. | |

On January 22, 2018, plaintiffs Melodie Chipley and Kathy Chipley filed their complaint in the Superior Court of the State of California for the County of Santa Clara. Their complaint alleges six claims against defendant Ford Motor Company and one claim against defendant Galpin Motors. As against Ford, the complaint alleges a common law fraud claim and violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* ("Song-Beverly Act"). Plaintiffs allege Ford failed to repair their vehicle after a reasonable number of opportunities and within a reasonable amount of time; failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts; breached the express written warranty, and breached the implied warranty of merchantability. Plaintiffs allege the implied warranty claim against defendant Galpin Ford as well.

On February 22, 2018, Ford removed this action to the Northern District based upon diversity. (Notice of Removal ["NOR"], Dkt. No. 1.) Plaintiffs now move to remand the action to the Superior Court for the State of California, County of Santa Clara, on the grounds that Ford has not met its burden to establish diversity jurisdiction.

Having carefully considered the papers filed in support of and in opposition to the motion, and the NOR and exhibits thereto, and for the reasons that follow, the Court **GRANTS** the motion to remand.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **May 1, 2018**.

I. **SUMMARY OF ALLEGATIONS**

**A. Allegations of the Complaint**

In November of 2010, plaintiffs leased a 2011 Ford Escape from defendant Galpin Motors. (NOR Exh. A ["Complaint"] at 4:14-16.) In connection with the lease, Plaintiffs received an express written warranty in which Ford undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. (*Id.* at 4:20-23.) The warranty provided, in relevant part, that in the event a defect developed with the vehicle during the warranty period, the vehicle would be repaired by Ford's representative. (*Id.* at 4:23-25.) During the warranty period, the vehicle evidenced defects, including defects related to the vehicle's engine, causing the "wrench" light to be activated and the vehicle to drive sluggishly. Plaintiffs allege that the vehicle had defects in the throttle body and motor assembly, requiring several replacements, and defects requiring replacement of the engine's gasket. (*Id.* at 4:25-5:3.) The defects impaired the use, value, and safety of the vehicle. (*Id.* at 5:3-4.) Ford and its dealership Galpin Motors have been unable to service or repair the vehicle after a reasonable number of opportunities. (*See id.* at 5:4-6.) However, Ford failed to replace the vehicle or make restitution to plaintiffs promptly, as required by the Song-Beverly Act. (*Id.* at 5:6-8.)

**B. Allegations of the NOR**

Ford alleges removal jurisdiction based upon complete diversity of the parties, pursuant to 28 U.S.C. sections 1332, 1441, 1446. Ford is a citizen of Michigan and Delaware. Ford removed the action alleging that plaintiffs are citizens of California, based upon the allegation in the underlying complaint that plaintiffs are "residents of Valencia, California." (*Id.* at ¶ 14, Complaint ¶ 1.) Galpin Motors is alleged to be a California corporation. However, Ford alleges that Galpin Motors is a sham defendant, joined to defeat diversity, such that its California citizenship is not a barrier to removal jurisdiction under 28 U.S.C. section 1441(b). (*Id.* ¶¶ 6, 13, 17-20.) Ford further alleges that the amount in controversy exceeds $75,000 based upon the allegations in the underlying complaint that plaintiffs' "damages" exceed $25,000, and plaintiffs seek to recover penalties equal to twice the amount of damages, plus punitive damages and attorneys' fees, under

1 the Song-Beverly Act. (*Id.* ¶¶ 12, 22-28.)

## II. APPLICABLE STANDARD

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. *See* 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are generally construed restrictively, so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Typically a "strong presumption" exists against finding removal jurisdiction. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *Rodriguez v. AT&T Mobility Servs. LLC,* 728 F.3d 975, 977 (9th Cir. 2013). Doubts as to removability are generally resolved in favor of remanding the case to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III. DISCUSSION

Plaintiffs contend that Ford has failed to meet its burden to establish diversity jurisdiction because Ford has not established that Galpin Motors is fraudulently joined. If a court finds that a defendant was fraudulently joined simply to defeat complete diversity, and that defendant "cannot be liable on any theory," the court may disregard the citizenship of the "sham" defendant for removal purposes. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, Ford contends that Galpin Motors is a sham defendant because the only claim against it is an implied warranty claim under the Song-Beverly Act. Ford argues that the statute provides no additional remedy beyond that afforded by plaintiffs' express warranty claim against Ford. (NOR ¶ 19.) Further, Ford argues that Galpin Motors, as a dealership, has a statutory right to indemnity from Ford for any liability. (*Id.*) Thus, the claim against Galpin Motors "provides no remedies in addition to or different from those available against Ford and Galpin Motors['] presence in this lawsuit is unnecessary." (*Id.*)

Ford's allegations in the NOR are insufficient to establish that Galpin Motors cannot be liable on any theory. Indeed, numerous courts have found implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties, in connection with claims under the Song-Beverly Act. *See, e.g., Blowers v. Ford Motor Co.*, No. CV 17-8224-JFW (KSX), 2018 WL 654415, at *4 (C.D. Cal. Jan. 31, 2018); *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *4 (N.D. Cal. Jan. 31, 2017); *Delafontaine v. Volvo Cars of N. Am., LLC,* No. CV1607154GHKSKX, 2016 WL 7338404, at *3 (C.D. Cal. Dec. 19, 2016). Based on the NOR itself, diversity jurisdiction is not established because Ford offers no legitimate reason to disregard Galpin Motors' citizenship for purposes of removal.

In its opposition to the instant motion, Ford contends for the first time that Galpin Motors cannot be liable on any theory because the implied warranty claim against it is time-barred. Ford asserts that the statute of limitations for plaintiffs' implied warranty claim runs from the date plaintiffs purchased their vehicle. Ford further contends that there is no "'discovery' of the defect" rule that tolls the statute of limitations for a breach of implied warranty. (Oppo. at 9:6-12.)

First, Ford cannot amend its notice of removal or present new grounds for removal jurisdiction after the thirty-day removal period has run. *See ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Montana,* 213 F.3d 1108, 1117 (9th Cir.2000); *O'Halloran v. University of Washington,* 856 F.2d 1375, 1381 (9th Cir.1988). The statute of limitations argument appears nowhere in the NOR and is not properly raised for the first time in response to the motion.

Second, even if the Court were to consider these newly raised grounds for removal, Ford's statute of limitations argument is contrary to applicable California law. Under the Song-Beverly Act, the implied warranty of merchantability extends for a period of one year after delivery (not from the date of purchase), and the time for bringing an action is four years from the breach. *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1308-1309 (2009). A claim for breach of the implied warranty of merchantability may be based upon a defect not discoverable at the time of sale. *See Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 922 (C.D. Cal. 2010) (citing *Mexia* and finding the "statute of limitations for Plaintiff's breach of implied warranty claim thus

began running in March 2008, when he first discovered that BMW would not repair his defective windshield"); *see also Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 948 (C.D. Cal. 2012) (failure to discover a defect within the one-year durational period for an implied warranty under Cal. Civil Code 1791.1 does not bar a claim on its face); *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (noting conflicting California district court decisions, but holding that *Mexia* must be read consistently with state court decisions which allow an implied warranty claim based on a latent defect discovered after the one-year implied warranty duration). Moreover, the statute of limitations on a claim for breach of the implied warranty may be tolled for fraudulent concealment. *See Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 1745948, at *13-14 (N.D. Cal. May 3, 2016) (citing cases and California Commercial Code Section 2725(4) which provides that the statute of limitations stated therein "does not alter the law on tolling of the statute of limitations.").

Here, plaintiffs allege they purchased their vehicle in November 2010, and that they did not learn of Ford's acts of concealment and failure to disclose material facts regarding the vehicle until shortly before they filed their complaint. (Complaint at ¶¶ 6, 7, 40, 43, 46.) Thus, the claim against Galpin Motors is not time-barred on its face, and Ford has failed to meet its burden to show that Galpin Motors is a sham defendant.[2]

**IV. CONCLUSION**

Based upon the foregoing, the motion to remand is **GRANTED**. This action is **REMANDED** to the Superior Court for the State of California, County of Santa Clara.

This terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated: April 26, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Because the Court finds the motion should be granted based upon Ford's failure to establish fraudulent joinder of Galpin Motors, it declines to reach plaintiffs' additional arguments concerning Ford's failure to establish an amount in controversy exceeding $75,000, or their status as California citizens based on the Complaint's allegations of residency.

5